UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DORON ORBACH, individually and on behalf of others similarly situated,

                         Plaintiff,

    -against-

COACH USA, LLC and JOHN DOE NOS. 1-10 (the names being fictitious, said persons intended to be drivers for and employees of COACH USA, LLC who refused to transport Plaintiff and the putative class on or about November 14, 2023),

                       Defendants.

------------------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

*Jury trial demanded*

Plaintiff DORON ORBACH ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class" or "Class members"), bring this Class Action Complaint against Defendants COACH USA, LLC and JOHN DOES NOS. 1-10, based upon their individual experiences and personal information, and investigation by their counsel.

## <u>INTRODUCTION</u>

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this class action suit against Defendants because of Defendant's discriminatory refusal to transport them and others similarly situated to the March for Israel in DC rally in Washington, D.C. in support of Israel in the current Gaza Strip conflict, the freeing of hostages, and against anti-Jewish discrimination, held on November 14, 2023, on the basis that they would not transport those of the Jewish faith to said rally. The various drivers/employees of COACH USA, LLC accomplished and coordinated their discriminatory scheme by a series of text messages, enlisting the participation of other drivers in this scheme.

1

2.      COACH USA, LLC (hereinafter "Coach") is a nationwide transportation company engaged in various aspects of bus services, both local and interstate. It is headquartered in Paramus, New Jersey. It is extensively involved in, and derives substantial income from, interstate commerce, and make extensive use of public thoroughfares and the Interstate Highway system.

3.      On or about November 14, 2023, various bus driver/employees and/or agents and/or servants and/or contractors in the employ of Coach refused to transport Plaintiff, a member of the Jewish faith and an Israeli national, and others similarly situated, to the aforesaid rally being held in Washington, D.C. on the basis that they would not transport Jewish individuals to said rally. The various drivers communicated by text message and other means so as to coordinate their efforts to prevent Jews from being transported to said rally. There can be no doubt that these were acts calculated to carry out a hateful, discriminatory agenda in an underhanded and cowardly manner.

4.      This occurred even though Plaintiff, and others similarly situated, had booked passage with Coach via a contract with the Israeli American Council (IAC) to be transported by bus from locations in New York City, Connecticut, and elsewhere to Washington, D.C. Plaintiff and others similarly situated were present as lawful passengers of a public conveyance who had committed no acts which would have legitimately barred them from being transported by Coach.

5.      At all relevant times, Defendants promised and agreed to transport Plaintiff and others similarly situated in accordance with the terms of the license granted to them by Coach, for which payment had already been made. However, due to the above- described actions of Coach drivers/employees, the chartered buses never arrived at the designated pick-up points.

6.      There can be no doubt that such a "job action" is part of a larger conspiracy. For example, approximately 900 would-be attendees at the rally from Detroit were stranded at Dulles International Airport when charter bus drivers failed to arrive to transport these individuals from

Dulles to the site of the rally at the National Mall, calling in "sick" or filing to appear for various other feigned reasons.

7.    Accordingly, Plaintiff seeks to recover damages and other relief resulting from the above blatantly discriminatory conduct, including but not limited to, compensatory damages, reimbursement of costs that Plaintiff and others similarly situated were forced to bear, punitive damages, and declaratory judgment and injunctive relief to mitigate future harms that are certain to occur in light of the scope of this conduct.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; the number of members of the proposed Class exceeds 100; and diversity exists because Plaintiff and Defendants are citizens of different states. Subject matter jurisdiction is also based upon the Civil Rights Act of 1964. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.    This Court has personal jurisdiction over Defendants as they conduct substantial business in this State and in this District and/or the conduct complained of occurred in and/or emanated from this State and District.

10.    Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the conduct alleged in this Complaint occurred in, were directed to, and/or emanated from this District, and because Plaintiff resides within this District.

## THE PARTIES

11.    Plaintiff Doron Orbach is an individual residing in the State of New York, a member of the Jewish faith and an Israeli national, who had purchased a ticket to be transported by Coach

to the aforesaid rally.

12.    Defendant Coach is a transportation services conglomerate, owned by Vanity Equity Advisors, authorized to conduct business in the State of New York, which conducts business within the State of New York and within this District, as well as throughout the United States, with its headquarters located in Paramus, New Jersey.

13.    The "John Doe" Defendants are drivers/employees and/or agents and/or servants of Coach.

## FACTUAL ALLEGATIONS

14.    The factual allegations are as stated above.

15.    Coach agreed to transport Plaintiff and putative class members to the aforesaid rally upon prepayment of a $54.00 fee, which payment was made by Plaintiff.

16.    Due to the concerted efforts of Coach's drivers/employees and/or agents and/or servants as described above, resulting in a so-called "job action" or "sick out", Coach failed to provide the contracted for services.

17.    As described above, these actions were clearly motivated by discriminatory animus against Plaintiff and others similarly situated based upon their religious affiliation, namely, Judaism and on the basis of national origin.

18.    That the federal government has recognized the existence of religious discrimination in transportation is demonstrated by the September 28, 2023 statement issued by the Department of Transportation (annexed as Exhibit A), invoking Title VI of the Civil Rights Act of 1964 as its basis.

19.    Accordingly, Coach knew, or should have known, of the likelihood of such actions by its drivers/employees and/or agents and/or servants, but failed to take measures to prevent such

actions, such measures including, but not limited to anti-discrimination training of its drivers/employees and/or agents and/or servants and appropriate background checks of current and prospective employees and/or agents and/or servants.

20.     Upon information and belief, Coach is the beneficiary of federal and state funding and subsidies, including, but not limited to, its use of federally funded thoroughfares in its conduct of interstate commerce.

21.     Coach, at all relevant times, had a duty to Plaintiff and Class members to prevent such discriminatory activity by its drivers/employees and/or agents and/or servants.

22.     Coach's duty to prevent such discriminatory conduct arose under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §1983; Federal Transit Law (49 U.S.C. §5332(b)); the New York State Civil Rights Law; the New York City Civil Rights Law; and the Connecticut Public Accommodations Act (C.G.S. Ch. 46A).

23.     As a direct and proximate result of Defendant's wrongful actions and inaction, Plaintiff and Class members were discriminated against based upon their religious beliefs (and perceived religious beliefs) and national origin and have suffered injury and damages, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religious denomination.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this action and seeks to certify and maintain it as a class action under Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3), and/or (c)(4), on behalf of themselves and the following proposed Classes (collectively, the "Class").

25.     The Nationwide Class is defined as follows: All individuals residing in the United States who were affected by the Coach "job action" resulting in the refusal to transport them based

upon their religious affiliation on or about November 14, 2023.

26.    The New York Class is defined as follows: All individuals residing in New York who were affected by the Coach "job action" resulting in the refusal to transport them based upon their religious affiliation on or about November 14, 2023.

27.    The Connecticut Class is defined as follows: All individuals residing in Connecticut who were affected by the Coach "job action" resulting in the refusal to transport them based upon their religious affiliation on or about November 14, 2023.

28.    Excluded from each of the above proposed Classes are: Defendant, any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant; and judicial officers to whom this case is assigned and their immediate family members.

29.    Plaintiff reserves the right to re-define the Class definitions after conducting discovery.

30.    Each of the proposed Classes meets the criteria for certification under Rule 23(a), (b)(2), (b)(3) and/or (c)(4).

31.    Numerosity. Fed. R. Civ. P. 23(a)(1). Pursuant to Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, the proposed Class includes potentially thousands of individuals who were denied transportation based upon religious affiliation. Class members may be identified through objective means, including by and through Defendant's business records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic

mail, internet postings, and/or published notice.

32.    <u>Commonality.</u> Fed. R. Civ. P. 23(a)(2) and (b)(3). Pursuant to Rule 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

(a)    Whether Defendant had a legal duty to implement and maintain anti-discrimination measures for the protection of Class members against discrimination;

(b)    Whether Defendant violated Title VI of the Civil Rights Act of 1964;

(c)    Whether Defendant violated 42 U.S.C. §1983;

(d)    Whether Defendant violated the Federal Transportation Act;

(e)    Whether Defendant violated various state and local anti-discrimination statutes;

(f)    Whether Defendant breached its contract with IAC of which Plaintiff and the Class were intended third-party beneficiaries in failing to provide contracted-for transportation;

(g)    Whether Plaintiff and Class members suffered legally cognizable damages as a result of Defendant's conduct, and

(h)    Whether Plaintiff and Class members are entitled to relief, including damages and equitable relief.

33.    <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Pursuant to Rule 23(a)(3), Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff, like all members of the Class, was injured through Defendant's uniform misconduct described above and assert similar claims for relief. The same events and conduct that give rise to Plaintiff's claims also give rise to the claims

of every other Class member because Plaintiff and each Class member are persons that have suffered harm as a direct result of the same conduct engaged in by Defendant.

34.    Adequacy of Representation (Fed. R. Civ. P. 23(a)(4). Pursuant to Rule 23(a)(4), Plaintiff and his counsel will fairly and adequately represent the interests of the Class members. Plaintiff has no interest antagonistic to, or in conflict with, the interests of the Class members. Plaintiff's attorneys are highly experienced in the prosecution of anti-discrimination class actions.

35.    <u>Superiority</u> (Fed. R. Civ. P. 23(b)(3). Pursuant to Rule 23(b)(3), a class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual members of the Class because the amount of monetary relief available to individual Plaintiffs is insufficient in the absence of the class action procedure. Separate litigation could yield inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

36.    <u>Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief</u> (Fed. R. Civ. P. 23(b)(1) and (2)). In the alternative, this action may properly be maintained as a class action, because:

> (a)    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants; or
>
> (b)    The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members

of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

37.    <u>Issue Certification</u> (Fed. R. Civ. P. 23(c)(4). In the alternative, the common questions of fact and law, set forth above, are appropriate for issue certification on behalf of the proposed Class.

**FIRST CAUSE OF ACTION FOR VIOLATION OF**
**TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**
**(on behalf of Plaintiff and All Classes)**

38.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

39.    Title VI of the Civil Rights Act of 1964 prohibits discrimination against certain protected classes in access to public accommodations.

40.    Coach provided a service qualifying as a public accommodation.

41.    Plaintiff and Class Members are a protected class by virtue of their religious affiliation and national origin.

42.    The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiff based upon his Judaism and national origin constituted a violation of Title VI of the Civil Rights Act of 1964.

43.    Coach's duty to prevent such conduct arose under Title VI of the Civil Rights Act of 1964, which duty Defendant breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the plaintiff and putative class to their intended

destination as contracted for.

44.    As a direct and proximate result of Coach's above-described wrongful actions, inaction, and omissions, Plaintiff and Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983
### (on behalf of Plaintiff and All Classes)

45.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

46.    42 U.S.C. §1983 provides for relief from actions occurring under color of state law that result in the deprivation of a constitutional right or a federal statutory right.

47.    By virtue of the above conduct, Coach, as a recipient of federal funding and/or subsidies, acted under color of state law to deprive Plaintiff and Class members of their rights pursuant to, *inter alia*, the First Amendment, Fifth Amendment, the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and Federal Transit Law (49 U.S.C. §5332(b)).

48.    The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiff based upon their Judaism and national origin constituted conduct remediable under 42 U.S.C. §1983.

49.    As a direct and proximate result of Defendant's above-described wrongful actions, inaction, and omissions, Plaintiff and Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## THIRD CAUSE OF ACTION FOR VIOLATION OF
## THE FEDERAL TRANSIT LAW (49 U.S.C. §5332(b)
## (on behalf of Plaintiff and All Classes)

50.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in

the preceding paragraphs above as if set forth in full herein.

51.     49 U.S.C. §5332(b) prohibits discrimination by recipients of Federal Transportation

Administration (FTA) funds on the basis of, *inter alia*, religion and national origin.

52.     Upon information and belief, Defendant Coach is a recipient of FTA funding.

53.     By virtue of the above conduct, Coach, as a recipient of FTA funding, violated 49

U.S.C.  §5332(b), discriminated against Plaintiff and the putative class and deprived them of their

constitutional and statutory rights.

54.     As a direct and proximate result of Defendant Coach's above-described wrongful

actions, inaction, and omissions, Plaintiff and Class members were discriminated against and have

suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the

loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion

and national origin.

## FOURTH CAUSE OF ACTION FOR VIOLATION OF
## THE NEW YORK STATE HUMAN RIGHTS LAW
## (on behalf of Plaintiff and the New York Class)

55.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in

the preceding paragraphs above as if set forth in full herein.

56.     The New York State Human Rights Law prohibits discrimination against certain

protected classes in access to public accommodations.

57.     Defendant Coach provided a service qualifying as a public accommodation.

58.     Plaintiff and the New York Class members are a protected class by virtue of their

religion and national origin.

59.     The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiff and the putative class based upon their Judaism and national origin constituted a violation of the New York State Human Rights Law.

60.     Defendant Coach's duty to prevent such conduct arose under the New York State Human Rights Law, which duty Defendant Coach breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the Plaintiff and putative class members to their intended destination as contracted for.

61.     As a direct and proximate result of Defendant's above-described wrongful actions, inaction, and omissions, Plaintiff and the New York Class members have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religious denomination.

### FIFTH CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW (on behalf of Plaintiff and the New York Class)

62.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

63.     The New York City Human Rights Law prohibits discrimination against certain protected classes in access to public accommodations.

64.     Defendant Coach provided a service qualifying as a public accommodation.

65.     Plaintiff and the New York Class members are a protected class by virtue of their religion and national origin.

66.     The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiff and the putative class based upon their Judaism and national origin constituted a violation of the New York City Human Rights Law.

67.    Defendant's duty to prevent such conduct arose under the New York City Human Rights Law, which duty Defendant Coach breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the Plaintiff and putative class to their intended destination as contracted for.

68.    As a direct and proximate result of Defendant Coach's above-described wrongful actions, inaction, and omissions, Plaintiff and the New York Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF
## THE CONNECTICUT PUBLIC ACCOMMODATIONS LAW (C.G.S. Ch. 46A)
### (on behalf of the Connecticut Class)

69.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

70.    The Connecticut Public Accommodations Act (C.G.S. Ch. 46A) prohibits discrimination against certain protected classes in access to public accommodations.

71.    Defendant Coach provided a service qualifying as a public accommodation.

72.    The Connecticut Class members are a protected class by virtue of their religion and national origin.

73.    The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiff and the putative class based upon their Judaism and national origin constituted a violation of the Connecticut Public Accommodations Act.

74.    Defendant Coach's duty to prevent such conduct arose under the Connecticut Public Accommodations Act, which duty Defendant Coach breached by, *inter alia*, its failure to provide

anti-discrimination training and to ensure that its drivers transported the Plaintiff and putative class to their intended destination as contracted for .

75.    As a direct and proximate result of Defendant Coach's above-described wrongful actions, inaction, and omissions, the Connecticut Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT
### (on behalf of Plaintiff and All Classes)

76.    The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if set forth in full herein.

77.    Coach had contracted with the Israeli American Council (IAC) to provide charter bus service to transport Plaintiff and the putative Class members to the rally,

78.    Plaintiff and the putative Class members were intended third-party beneficiaries of this contract.

79.    A valid contract existed between Coach and IAC in that there was offer, acceptance and consideration, of which Plaintiff and putative Class members became third-party beneficiaries.

80.    By Plaintiff and Class members' payment to IAC for passage on Defendant Coach's buses, Plaintiff and the putative Class members became intended third-party beneficiaries of the contract between Coach and IAC..

81.    Plaintiff, Class members and IAC fully performed their obligations under the various contracts with Defendant.

82.    Defendant Coach breached the contract it made with IAC by failing to provide said transportation, by the conduct fully described above.

14

83.     As a direct and proximate result of Defendant Coach's breach of contract, Plaintiff and Class members have suffered, and continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religious denomination and national origin.

## EIGHTH CAUSE OF ACTION FOR NEGLIGENCE
### (on behalf of Plaintiff and All Classes)

84.     The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if set forth in full herein.

85.     Defendant had, and continues to have, a duty to Plaintiff and putative Class members to exercise reasonable care in training its drivers/employees and/or agents and/or servants so as to prevent discriminatory practices, and to investigate current and prospective employees and/or agents and/or servants by, *inter alia*, conducting appropriate background checks and job performance evaluations.

86.     Defendant had a further duty to monitor and supervise its employees and/or agent and/or servants to detect whether they were engaging in unlawful discriminatory practices.

87.     Defendant was negligent in failing to conduct such training, investigation, monitoring and supervision, and thus negligently trained, hired, retained, and supervised its employees and/or agents and/or servants.

88.     As a direct and proximate result of Defendant Coach's negligence, Plaintiff and Class members were discriminated against and have suffered, and continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes defined above, respectfully request that this Court:

A.      Certify this case as a class action under Federal Rule of Civil Procedure 23, appoint Plaintiff as the Class representative, and appoint the undersigned as Class counsel;

B.      Order appropriate relief to Plaintiff and the Classes;

C.      Enter injunctive and declaratory relief as appropriate under the applicable law;

D.      Award Plaintiff and the Classes compensatory and punitive damages

E.      Award Plaintiff and the Classes pre-judgment and/or post-judgment interest as prescribed by law;

F.      Award reasonable attorneys' fees and costs as permitted by law; and

G.      Enter such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims so triable.

Dated: November 16, 2023

Respectfully submitted,

HELD & HINES, L.L.P.
Attorneys for Plaintiff and the Class

*/s/ Marc J. Held*_____

2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
mheld@heldhines.com

16